# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOHN ALVIN PAYNE, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:09CV507 DJS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's second motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Movant has not received authorization from the Court of Appeals to file the motion. As a result, the Court will deny the motion without prejudice.

On October 1, 1988, movant was convicted under the Continuing Criminal Enterprise statute for his managerial role in an interstate cocaine-distribution conspiracy. See Payne v. United States, 78 F.3d 343, 344 (8th Cir. 1996). Movant was sentenced to 50 years' imprisonment without the possibility of parole. Movant filed a motion under § 2255, claiming ineffective assistance of counsel. See Payne v. United States, 4:93CV849 SNL (E.D. Mo.). This Court denied the motion, and the United States Court of Appeals for the Eighth Circuit affirmed. Payne, 78 F.3d at 344.

Movant now seeks to bring a second § 2255 motion on the grounds that both his trial counsel and direct appeal counsel were ineffective for failing to show that he did not have a managerial role in the cocaine-distribution conspiracy. Movant argues that the requirements in § 2244 regarding second or successive habeas petitions should not apply to this case because he was sentenced before the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted.

"It is clearly proper to apply AEDPA's *procedural* framework to all second or successive habeas applications filed after the Act's effective date." Daniels v. United States, 254 F.3d 1180, 1188 (10th Cir. 2001) (emphasis in original).

> The presumption against retroactivity contains a well-established exception for rules of procedure, since procedural rules "regulate secondary rather than primary conduct" and avoid attaching new legal consequences to earlier actions. That a would-be petitioner must apply to a gatekeeping court of appeals for permission to file a subsequent habeas petition, rather than directly to a district court, does not affect the petitioner's underlying legal rights; it merely speaks to which court will consider his application. Consequently, regardless of when their first petitions were filed, prisoners must turn to [the Court of Appeals] as a gatekeeper under section 2244 of AEDPA.

Id. (citations omitted); see also Graham v. Johnson, 168 F.3d 762, 782 (5th Cir.1999) ("Substituting the court of appeals for the district court as the gatekeeper against abusive or procedurally defaulted claims would seem to raise no retroactivity concerns. A litigant has no reasonable expectation that a particular tribunal will adjudicate his

claims."); United States v. Gallegos, 142 F.3d 1211, 1212 (10th Cir. 1998) (per curiam) ("Because [petitioner's third § 2255] motion was filed after . . . the effective date of AEDPA, he was required to comply with the Act and obtain prior authorization from [the appellate] court before filing in the district court.").

The requirements of § 2244 apply to this case. If movant wishes to file a second motion under § 2255, he must first file a motion in the United States Court of Appeals for the Eighth Circuit seeking authorization to do so. 28 U.S.C. § 2244(3)(A). As a result, the Court will dismiss movant's second motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that movant's second motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DISMISSED** without prejudice.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this   3rd   day of April, 2009.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE